811 A.2d 970 (2001)
356 N.J. Super. 218
IMO the ESTATE OF Catherine M. FEDOR and
The Catherine M. Fedor Revocable Trust.
Superior Court of New Jersey, Chancery Division.
February 22, 2001.
*971 Elliot Joffe (Newman & Simpson Attorneys) and Brian Chewcaskie, Fort Lee, Attorneys (Gittleman Muhlstock & Chewcaskie) for plaintiffs.
Andrew Cevasco, Hackensack, for defendants (Herten Burstein Sheridan & Cevasco Attorneys).
Susan Champion, Wayne, temporary trustee (Hunziker Jones Champion & Romer Attorneys).
REISNER, P.J.Ch.
This is the court's ruling on a motion to compel discovery in the above captioned case.
This case concerns claims by the beneficiaries of the Estate of Catherine M. Fedor and the Catherine M. Fedor Revocable Trust (collectively referred to herein as the Estate) against defendants Edward V. Fengya and William Miklovic, Jr. (the fiduciaries), who were the fiduciaries of the Estate. The beneficiaries accuse the fiduciaries of mismanagement and self-dealing. In prior proceedings in this case, this court suspended the fiduciaries and appointed Susan Champion, Esq. (the Trustee) as the temporary trustee of the Trust and administratrix pendente lite of the Estate. Both the beneficiaries and the Trustee sought discovery of prior communications between the fiduciaries and the Estate's attorneys and between the fiduciaries and the accountants for the Estate. The fiduciaries resisted these requests, claiming attorney-client privilege.
At oral argument of the motion, this court indicated that it would first decide whether the Trustee was entitled to the discovery. For the reasons set forth below, the court holds that the Trustee, Susan Champion, Esq., is now the holder of the attorney-client privilege with respect to all of the materials at issue here. She is therefore entitled to have access to all of the records of the Estate, including attorney-client advice previously provided to the now-suspended trustees and all information provided to or from the accountants for the Estate.[1] She is also entitled to decide, in the best interests of the Estate, whether to waive the privilege. After she reviews the information, Ms. Champion should advise the parties in writing as to whether she will waive the privilege as to some or all of the materials. In the event of a dispute between Ms. Champion and the beneficiaries, the court will decide whether the beneficiaries have *972 any separate right to discovery of the disputed materials.
There is no case law in New Jersey which directly addresses the issue presented here. This court has therefore looked to authority from other states concerning the rights of new versus former trustees and to New Jersey case law concerning the analogous situation of corporate control. In the corporate setting, it is clear that the corporate attorney-client privilege can only be claimed by those who currently control the corporation:
[W]hen control of a corporation passes to new management, the authority to assert and waive the corporation's attorney-client privilege passes as well. New managers installed as a result of a takeover, merger, loss of confidence by shareholders, or simply normal succession, may waive the attorney-client privilege with respect to communications made by former officers and directors. Displaced managers may not assert the privilege over the wishes of current managers, even as to statements that the former might have made to counsel concerning matters within the scope of their corporate duties. [Oswall v. Tekni-Plex, Inc., 299 N.J.Super. 658, 669, 691 A.2d 889 (App.Div.1997), quoting Commodity Futures Trading Commission v. Weintraub, 471 U.S. 343, 349, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985) ]
It is logical that those who currently operate the corporation must know its history, including the prior advice given by the corporation's attorneys and accountants. Likewise, they must have the right to decide, in the best interest of the corporation, whether to waive any of the corporation's privileges. The same common-sense approach should apply to the new trustee of an estate who takes over from a former trustee. As the Supreme Court of California recognized in Moeller v. Superior Court, 16 Cal. 4th 1124, 69 Cal.Rptr.2d 317, 947 P.2d 279 (1997):
To allow for effective continuous administration of a trust, the right of access to these communications and the privilege to prevent their disclosure must belong to the person presently acting as trustee, because that person has the duty to conduct all pending trust business. Therefore, for a trust to continue to operate smoothly when a change in trustee occurs, the power to assert the attorney-client privilege must pass from the predecessor trustee to the successor. [Id at 1133, 69 Cal.Rptr.2d 317, 947 P.2d 279]
This court finds Moeller to be persuasive. The court there held that "[t]he powers of a trustee are not personal to any particular trustee but, rather, are inherent in the office of trustee." Id. at 1131, 69 Cal.Rptr.2d 317, 947 P.2d 279. Therefore, when the office of trustee passes from one person to another, the power to assert the attorney-client privilege passes as well. This includes "the power to assert the privilege with respect to confidential communications between a predecessor trustee and an attorney on matters of trust administration." Id. Likewise, the power to waive the privilege passes to the new trustee. See also, Martin v. Valley National Bank of Arizona, 140 F.R.D. 291, 318-319 (S.D.N.Y.1991), holding that the new trustee of an Employee Stock Ownership Plan was entitled to waive the attorney-client privilege with respect to communications between the trust's attorneys and the former trustee.
The cases cited by the fiduciaries are not on point. Cases such as Huie v. De-Shazo, 922 S.W.2d 920 (Tex.1996) concern the assertion of the attorney-client privilege as between the trustee and a beneficiary. The court in Huie cited a variety of reasons why the trustee may need to have *973 a confidential relationship with the estate attorney, as against a beneficiary suing the trustee or the estate. These rationales do not apply to the relationship between a former trustee and a new trustee. Hopkins v. Akins, 637 A.2d 424 (D.C.App.1993) is likewise not on point, as it concerned a lawsuit by a beneficiary against the estate's attorney. These cases recognize that a trustee's obligation is to act in the best interest of the estate, and that an estate beneficiary may have interests that are adverse to the estate. Therefore, an attorney for the estate does not represent the beneficiaries as clients but only represents the estate. Without reaching the issue of the rights of the Trustee as against the beneficiaries in this case, this court finds that the cases cited by the fiduciaries are less persuasive than Moeller and Martin on the issue of the rights of the Trustee versus the fiduciaries.
For the foregoing reasons, the Trustee's application for discovery is granted in its entirety. The application of the beneficiaries is denied without prejudice.
NOTES
[1] The court is not deciding which, if any, information to or from the Estate's accountants is privileged. The Trustee is entitled to all such information, whether covered by privilege or not. Neither the Trustee nor the beneficiaries are seeking discovery of communications between the fiduciaries and their personal attorney Andrew Cevasco, Esq., and this opinion does not address those communications.